The question whether the motion for a new trial on the ground of newly discovered evidence should have been granted, is not reviewable in this court. Although the indictment was removed into the Supreme Court and tried at the circuit, that does not enlarge the powers of this court. Questions of law only can be examined here. (Del. Hudson Canal Co., 29 N.Y. 635.) This motion was addressed to the sound discretion of the court, and its determination by the Supreme Court is final. None of the exceptions to the charge were well taken. It is entirely obvious that the testimony of Wentz that the defendant was at the store from seven o'clock in the evening of the night of the fire until the alarm was given, and the testimony of the witnesses that he was passing the streets to the engine-house, where he arrived some little time before the alarm, and where they testify he was at the time of the alarm, could not all have been true. It was in direct conflict, and one or the other must have been false, either through mistake or by intention. Although the judge applied the former qualification to the testimony of the first witness and the latter to the testimony of the people's witnesses, no question *Page 309 
of law was thereby presented. The remarks of the judge that the testimony of Young did not corroborate that of Wentz, as he swore he did not see the defendant after six o'clock on the evening in question, was a mere statement of the judge's recollection of the testimony, and was not the subject of an exception. Besides, upon the defendant's counsel insisting that Young had testified differently, the judge submitted the entire question to the jury. This would have cured the error, if one had been committed. Upon the return of the jury to the bar, and announcing that they were unable to agree upon a verdict, it was discretionary with the court either to discharge or send them back for further deliberation. It was proper for the court to inform them that it could see no good reason why they should not agree. The exception to the testimony of the witness Martin presents the question whether the confessions of the defendant to him were voluntary. The defendant had been arrested, and was confined in jail when the principal confession was alleged to have been made. The witness was a police officer, and went into the room where the defendant was confined and told him he was in a bad fix, and had got caught at last, and asked him who the others were, and then the defendant made the confession. It is clear that there was nothing like a promise or any appeal to any hope of favor presented to induce a confession. Nor was there any thing like a threat made in case the defendant did not confess — nothing calculated to interfere with the free, voluntary action of the defendant's mind. This is all the law requires to render the confession admissible. The inquiry always is, was the confession made under circumstances making it reliable for truth? and if so, it is admissible, irrespective of the means by which it was obtained. (The People v. McMahon, 15 N.Y. and cases cited.) The remaining exception necessary to examine it, as claimed by defendant's counsel, presents the question whether, upon the trial of a party indicted for a particular crime, it is competent for the people to prove him guilty of another crime of the same or of a different kind. This question admits of no discussion. It is entirely certain *Page 310 
that such proof is inadmissible. Cases may occur where, in order to show the guilt of the party of the offense for which he is upon trial, it may be necessary to give evidence that may tend to show him guilty of another offense of like character. Upon a trial for forgery, to establish the scienter, it may be necessary to prove that the defendant had in his possession, or had uttered, other false and forged instruments. This is not to prove him guilty of another crime, but proof to show him guilty of that upon trial.
The real inquiry in this case is whether the exception presents the question. The case states: "I then asked him, what was the first fire he was interested in." He said: "The first fire was his father's barn, that he had any thing to do with, and, that he and Jerome Dean —" Objected to, on the ground that it is giving evidence of another offense. No decision of the court appears to have been made. The prosecuting attorney at once proposed a different question. This fails to show that any evidence tending to show the party guilty of another offense, was given after the ground of the objection was stated. At another part of the examination of the same witness, he stated: "He told me how he and Dean set the fire." The prosecuting counsel asked how was that. The defendant's counsel objected, upon the ground above stated. The court decided that it was not admissible as independent testimony, and if admissible at all, it was only so as part of a conversation already related. That he thought the evidence was admissible, but, as a matter of prudence, he would reject it. Here it is manifest that the illegal evidence was not admitted, and did not go to the jury, although, at the moment, the learned judge appears to have entertained the erroneous idea, that it was competent for a party to prove, by the admissions of his adversary, facts which were not competent to prove by other evidence, where a part of the conversation, in which such admissions were made, is admissible, yet he did not act upon such idea. The evidence was excluded, although the jury may possibly have been misled by this idea, and thus induced to give some importance to what had been before proven to have been *Page 311 
said by the defendant in relation to the fire at his father's barn, yet it does not affirmatively appear that they were so misled. It therefore follows, that the exception is not available, upon the ground that the exceptions do not show that evidence was received of another offense against the objection of the defendant properly made. The judgment must be affirmed.
All the judges concurring, except PORTER, J., not voting,
Judgment affirmed. *Page 312